1 LEWIS BRISBOIS BISGAARD & SMITH LLP
PAMELA M. FERGUSON, SBN# 148349
2     Email: pamela.ferguson@lewisbrisbois.com
333 Bush Street, Suite 1100
3 San Francisco, CA 94104
Telephone: (415) 362-2580
4 Facsimile: (415) 434-0882

5 Attorneys for Defendants
TRISTAR PRODUCTS, INC. and
6 COSTCO WHOLESALE CORPORATION

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY M. SOTO, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>TRISTAR PRODUCTS, INC., a Corporation; COSTCO WHOLESALE CORPORATION, a Corporation; COSTCO WHOLESALE MEMBERSHIP, INC., a Corporation; and DOES 1 - 100, inclusive,<br><br>                    Defendants. | CASE NO.  2:17-cv-6406<br><br>**NOTICE OF REMOVAL AND REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY) OF DEFENDANT TRISTAR PRODUCTS, INC.**<br><br>Action Filed:     July 21, 2017<br>Action Removed: August 29, 2017<br>Trial Date:         None Set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Tristar Products, Inc. ("Tristar") gives notice that the above captioned action pending in the Superior Court of the State of California, County of Santa Barbara, is hereby removed to the United States District Court for the Central District of California, Western Division. This Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441 *et. seq*. In support of this removal, Tristar further states:

1. This is a civil action filed on or about July 21, 2017, by Plaintiff Wendy M. Soto ("Plaintiff") in the Superior Court of the State of California, County of Santa Barbara, entitled *Wendy M. Soto v. Tristar Products, Inc., Costco Wholesale Corporation, Costco Wholesale Membership, Inc.; and DOES 1-100, inclusive*, bearing Case Number 17CV03252. A true and correct copy of the Summons and Complaint is attached to this Notice as **Exhibit A**.

2. Service of the Summons and Complaint was completed upon Tristar on August 1, 2017 by substituted service. A true and correct copy of Plaintiff's Proof of Service of Summons as to Tristar is attached to this Notice as **Exhibit B**. A true and correct copy of Plaintiff's Proof of Service of Summons as to Costco Wholesale Corporation and Costco Wholesale Membership, Inc. is attached to this Notice as **Exhibit C**. A true and correct copy of the California State Civil Case Cover Sheet, also served on all Defendants, is attached to this Notice as **Exhibit D**. On July 24, 2017, the Superior Court issued a Notice of Case Assignment and Case Management Conference, a true and correct copy of which is attached to this Notice as **Exhibit E**.

3. Plaintiff's Complaint alleges liability for injuries allegedly suffered as a result of a Tristar Power Pressure Cooker XL malfunction. Compl., ¶ 8. Plaintiff asserts conclusory allegations of negligence, strict products liability and breach of implied warranty indiscriminately against all three defendants. Compl., ¶¶ 9-38.

In connection with these causes of action, Plaintiff seeks compensatory damages, including "extensive past and future economic and non-economic damages, physical injuries, past and future medical expenses, past and future severe and ongoing emotional distress and pain and suffering." Compl., ¶ 32.

4. No Defendant has responded to the Complaint as of the date of this Notice, nor has any discovery been issued or commenced in this Action.

5. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Tristar has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

6. As explained in detail below, Defendant Costco Wholesale Membership, Inc. ("Costco Membership") has been improperly joined.

## I. TRISTAR HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

7. Pursuant to 28 U.S.C. § 1446(a), Tristar attaches to this Notice of Removal a copy of all process, pleadings, and orders entered in this case. (*See* Exhibits A-D, attached hereto).

8. Promptly following the filing of this Notice of Removal, written notice of the removal of this action will be served on all parties' counsel, as required by 28 U.S.C. § 1446(d).

9. A true and correct copy of this Notice of Removal will also be promptly filed with the Superior Court of the State of California, County of Santa Barbara, pursuant to 28 U.S.C. § 1446(d).

10. No previous application has been made for the relief requested herein.

11. Venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because Santa Barbara County is located within the United States District Court for the Central District of California, Western Division (28 U.S.C. § 84(c)(2)). Accordingly, the Central District of California, Western Division, is the "district

and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

12. Plaintiff filed this action in the aforementioned state court on or about July 21, 2017. *See* Ex. A. Tristar was served with the Complaint via substituted service on August 1, 2017. *See* Ex. B. Costco consents to, and joins in, this removal. Declaration of Pamela Ferguson ("Ferguson Decl."), ¶ 4. Costco Membership is not required to consent to this removal because, as set forth below, Costco Membership is not properly joined. *See* 28 U.S.C. § 1446(b)(2)(A) (providing that only those defendants who have been "properly joined and served" must consent). This Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because it is filed within 30 days of service upon Tristar.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)

13. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action in which the properly joined parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

### A. The Amount In Controversy Requirement Is Satisfied

14. It is facially evident from the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs.

15. Under 28 U.S.C. § 1446(c)(2), "[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—

> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks . . . (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court

| | |
|---|---|
| 1 | finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332 (a). |
| 2 | 28 U.S.C. § 1446(c)(2)(A)-(B); Federal Courts Jurisdiction and Venue |
| 3 | Clarification Act of 2011, Pub.L. 112-63, Dec. 7, 2011. When the plaintiff is not |
| 4 | required to allege a specific amount of damages in the complaint, the defendant |
| 5 | must demonstrate the likelihood that plaintiff's claims exceed $75,000, exclusive |
| 6 | of interest and costs. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. |
| 7 | 2004); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A removing |
| 8 | defendant need only show that the amount in controversy "more likely than not" |
| 9 | exceeds the jurisdictional amount of $75,000. *Sanchez v. Monumental Life Ins.* |
| 10 | *Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mut. Auto. Ins. Co.*, |
| 11 | 116 F.3d. 373 (9th Cir. 1997). When the amount in controversy is not specified in |
| 12 | the complaint, the court may consider the facts alleged in the complaint as well as |
| 13 | in the notice of removal. *See Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 |
| 14 | (N.D. Cal. 2002); 28 U.S.C. § 1446(c)(2). |
| 15 | 16. Although Plaintiff's Complaint does not allege a specific amount in |
| 16 | controversy, it is facially evident that the amount in controversy is satisfied here. |
| 17 | Plaintiff alleges that she is entitled to recover compensatory damages, including |
| 18 | "extensive past and future economic and non-economic damages, physical injuries, |
| 19 | past and future medical expenses, past and future severe and ongoing emotional |
| 20 | distress and pain and suffering." Compl., ¶ 32. |
| 21 | 17. Where, as here, a plaintiff alleges serious bodily injury, California |
| 22 | federal courts have readily found that the amount-in-controversy requirement is |
| 23 | satisfied. *See, e.g., Bryant v. Apotex, Inc.*, No. 1:12-CV-01377-LJO-JLT, 2012 |
| 24 | WL 5933042, at *4 (E.D. Cal. Nov. 27, 2012) (holding that amount-in-controversy |
| 25 | requirement was met, although "complaint [did] not set forth a specific amount of |
| 26 | damages," because plaintiff sought "compensatory damages for injuries and severe |
| 27 | pain lasting six months, severe emotional distress, and punitive damages"); |
| 28 | *Campbell v. Bridgestone/Firestone, Inc.*, No. CIVF051499 FVS DLB, 2006 WL |

707291, at *2-3 (E.D. Cal. Mar. 17, 2006) (holding that amount in controversy exceeded $75,000, and denying motion to remand, where plaintiffs asserted strict products liability, negligence and breach of warranty claims and sought compensatory damages, including lost wages and loss of earning capacity, medical expenses, and general damages).  In addition, compensatory damages in excess of the jurisdictional amount of $75,000 have been awarded in product liability cases in California. *See, e.g., Stewart v. Union Carbide Corp.*, 190 Cal. App. 4th 23, 117 Cal. Rptr. 3d 791 (2010); *Karlsson v. Ford Motor Co.*, 140 Cal. App. 4th 1202, 45 Cal. Rptr. 3d 265 (2006); *Jones v. John Crane, Inc.*, 132 Cal. App. 4th 990, 35 Cal. Rptr. 3d 144 (2005).

18. Additionally, a district court may receive extrinsic evidence when determining whether the amount in controversy "more likely than not" exceeds $75,000.  *See, e.g., Valdez v. Allstate Ins. Co.*, 372 F. 3d 1115, 1117 (9th Cir. 2004) ("the amount-in controversy inquiry in the removal context is not confined to the face of the complaint"); *Nasiri v. Allstate Indem. Co.*, 41 Fed. Appx. 76, 78 (9th Cir. 2002) (finding an estimate of damages based upon damage awards in similar cases sufficient evidence to prove by a preponderance of the evidence that a plaintiff's claims exceed the jurisdictional limit).

19. Indeed, reported cases reveal that potential awards based on conditions similar to those alleged by Plaintiff exceed the $75,000 jurisdictional amount. *See, e.g., Ries v. VAPCIGS*, RIC 1306769 (Riverside County, California Superior Court Sept. 30, 2015) (awarding $1,885,000 for second degree burns sustained by defective e-cigarettes); *Williams v. Joe L. Reynolds d/b/a M Bar & Restaurant*, BC477082 (Los Angeles County, California Superior Court June 19, 2013) (award of $107,410 for second degree burns sustained when a cup of steaming water was spilled on her lap at a restaurant); *Davila v. City of Pasco*, 12-CV-05059 (E.D. Washington June 2013) (settlement of $100,000 in case alleging second degree burns to face); *Bayern v. 24 Hour Fitness*, No. 10-2-06854-4

(Snohomish Cty. Washington Superior Court) (awarding $410,000 for allegations of second degree burns to the upper right quadrant of plaintiff's back).

20. Given that Plaintiff's claim for economic and non-economic damages is related to alleged burns, and Plaintiff alleges extensive injury, medical expenses and pain and suffering, it is evident that the amount of recovery sought by Plaintiff exceeds $75,000.[1]

### B. Complete Diversity of Citizenship Exists Between the Properly Joined Parties

21. This case is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(1). As explained below, all properly joined and served defendants are diverse from Plaintiff.

22. Upon information and belief, at all times relevant hereto, Plaintiff was a resident and citizen of California. *See* Compl., ¶ 1.

23. Tristar is now, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Pennsylvania with its principal place of business in New Jersey. Compl., ¶ 2; s*ee also* Ferguson Decl., ¶ 2. Therefore, Tristar is not a citizen of California for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

24. Costco Wholesale Corporation is now, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Washington with its principal place of business in Washington. Compl., ¶ 3; s*ee also* Ferguson Decl., ¶ 3. Therefore, Costco Wholesale Corporation is not a citizen of California for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

---

[1] Tristar does not, however, concede that Plaintiff would be entitled to any of the relief sought in the Complaint.

25. The citizenship of the Doe defendants shall not be considered for purposes of determining diversity jurisdiction, as these are fictitious defendants. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

26. Defendant Costco Membership is a California corporation. Compl. ¶ 4. While Costco Membership is a citizen of California, Costco Membership was not "properly joined" for the reasons set forth below. *See* 28 U.S.C. § 1441(b). Thus, Costco Membership's citizenship must be disregarded for purposes of determining diversity in connection with removal.

C. **Costco Membership Was Misjoined And Its Citizenship Must Be Disregarded**

27. Costco Membership's presence in the case does not defeat diversity jurisdiction because it was fraudulently joined. Under the fraudulent joinder doctrine, a court should disregard the citizenship of a defendant where, as here, there is "no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." *Taylor v. Jeppesen DataPlan, Inc.*, No. C 10-1920 SBA, 2010 U.S. Dist. LEXIS 106160, at *5 (N.D. Cal. Sept. 27, 2010) (quoting *Plute v. Roadway Package Sys.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001)). Non-diverse defendants are fraudulently joined -- and their presence in the lawsuit is thus ignored for purposes of determining the propriety of removal -- where no viable cause of action has been stated against them. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002); *TPS Utilicom Servs., Inc. v. AT&T Corp.*, 223 F. Supp. 2d 1 089, 1100-01 (C.D. Cal. 2002); *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (affirming district court's finding of fraudulent joinder and recognizing that a "reasonable" basis to predict that a plaintiff could prevail on his or her

4849-8746-9902.1
8
TRISTAR'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(b)

claims against the in-state defendants requires more than a "theoretical" basis); *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393 (5th Cir. 2000) (pursuant to the fraudulent-joinder doctrine, a court should disregard the citizenship of an in-state defendant where, as here, "there is no reasonable basis for predicting that plaintiffs might establish liability ... against the in-state defendants").

28. Costco Membership is fraudulently joined because Plaintiff has failed to assert any specific factual allegations against it, as distinguished from Costco or Tristar. *See, e.g., Brown v. Allstate Insur. Co.*, 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1998) (finding in-state defendants fraudulently joined where "no material allegations against [the in-state defendants] are made"); *Lyons v. Am. Tobacco Co.*, No. Civ. A. 96-0881-BH-S, 1997 WL 809677, at *5 (S.D. Ala. Sept. 30, 1997) (holding that there is "no better admission of fraudulent joinder of [the resident distributor defendants] than the failure of the plaintiff to set forth any specific factual allegations" against them).

29. When making the fraudulent joinder determination, a court must only consider the allegations pled in the complaint as of the time of removal and should not speculate about facts or claims that the plaintiffs failed to plead. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992).

30. In evaluating whether a defendant is fraudulently joined, this Court applies federal, rather than state, pleading standards under an analysis "akin to that of a Rule 12(b)(6) motion to dismiss." *Johnson v. DePuy Orthopaedics, Inc.*, No. 1:11-21813, 2012 U.S. Dist. LEXIS 74450, at *6-7 (N.D. Ohio May 30, 2012) (quotation omitted) (observing that "[t]he federal rules apply to a civil action after it has been removed from a state court" and "pending a resolution of the district court's jurisdiction" and concluding that "Plaintiffs' arguments regarding application of Kentucky's pleading standards are without merit"); *see also Isaacs v. Broido*, 358 F. App'x 874, 877 (9th Cir. 2009) (noting that "the Rule 12(b)(6) inquiry and the fraudulent joinder inquiry substantially overlap on the issue of

failure to state a claim") (citing *Sessions v. Chrysler Corp.*, 517 F.2d 759 (9th Cir. 1975)); *Sessions*, 517 F.2d at 760 (applying "the standards for dismissal under the Federal Rules" in a fraudulent joinder analysis). Thus, to state a proper claim against Costco Membership, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions and threadbare recitals of elements, supported by mere conclusion, simply do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Rather, Federal Rule of Civil Procedure 8 "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented." *Id*. at 556. As a consequence, pleadings -- such as Plaintiff's Complaint here -- which fail to set forth factual allegations to support asserted legal conclusions would be dismissed for failure to state a claim. *Id*. at 555; *see also Iqbal*, 556 U.S. at 678-79 ("Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

31. Costco Membership is completely unrelated to the purchases, sales, or operations of Costco, but has nevertheless been named as a defendant in this case. Declaration of Zois Johnston ("Johnston Decl."), ¶¶ 2-5. Costco Membership "is in business to collect membership fees paid by individuals and entities who wish to be members of Costco Wholesale Corporation, which is in the business of operating warehouse-retail membership establishments throughout the United States." *Id.*, at ¶ 2. Costco Membership "does not engage in purchases, sales, or operations conducted by Costco Wholesale Corporation." *Id.* Because Costco Membership has no role in Costco's purchases, sales, or business operations, it cannot be a properly joined defendant here, where Plaintiff alleges negligence,

1  strict products liability, and warranty claims arising from her alleged purchase and
2  use of a pressure cooker.

3  • **Plaintiff's First Cause Of Action For Negligence Against**
4  **Costco Membership Is Not Viable**

5  32. Plaintiff alleges that Costco Membership negligently "produced,
6  manufactured, assembled, designed, tested, distributed, inspected, promoted,
7  marketed and sold the Pressure Cooker in a defective and dangerous condition."
8  Compl., ¶ 14. Plaintiff further alleges that Costco Membership "owed the general
9  public and PLAINTIFF a duty to produce, design, manufacture, assemble, test,
10 inspect, promote, distribute, sell, and otherwise place into the stream of commerce
11 products that are safe in their intended and foreseeable use, and free from defect."
12 Compl., ¶ 16. However this threadbare recital of the element, without specific
13 reference to any of the three named defendants, or Costco Membership's alleged
14 role in the chain of commerce as to the alleged defective pressure cooker, is
15 insufficient to demonstrate that Costco Membership owed any duty to Plaintiff in
16 connection with the pressure cooker.

17 33. A negligence claim depends on the existence of a duty of care owed
18 by a defendant to a plaintiff. *See J'Aire Corp. v. Gregory*, 24 Cal. 3d 799, 803
19 (1979). Specifically:

> Liability for negligent conduct may only be imposed where
> there is a duty of care owed by the defendant to the plaintiff. . . .
> A duty of care may arise through statute or by contract.
> Alternatively, a duty may be premised upon the general
> character of the activity in which the defendant engaged, the
> relationship between the parties or even the interdependent
> nature of human society.

25 *Id.*

26 34. A plaintiff cannot state a negligence claim without properly alleging a
27 duty of care. *See Wiener v. Southcoast Childcare Ctrs., Inc.*, 32 Cal. 4th 1138,
28 1145 (2004) ("To prevail on an action in negligence, plaintiff must show that

1  defendant[] owed [him] a legal duty."); *Owens v. Kings Supermkt.*, 198 Cal. App.
2  3d 379, 384-85 (1988) ("The determination that a defendant owed no duty of care
3  is a complete defense to a cause of action for negligence."); *Banerian v. O'Malley*,
4  42 Cal. App. 3d 604, 613 (1974) (affirming dismissal of negligence claim and
5  observing that "a defendant cannot be negligent in failing to do what he had no
6  duty to undertake"); *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 397 (1992) ("The
7  threshold element of a cause of action for negligence is the existence of a duty to
8  use care toward an interest of another that enjoys legal protection against
9  unintentional invasion.").

10      35.    Costco Membership did not manufacture or sell the Pressure Cooker
11  at issue, nor does it have any operational role in Costco's retail business.  Johnston
12  Decl., ¶¶ 3-5.  Plaintiff has no reason to believe, and no basis to allege, that Costco
13  Membership owed her any duty in connection with her alleged purchase of a
14  pressure cooker.  Absent any allegation of fact from which a duty from Costco
15  Membership towards Plaintiff could arise, Plaintiff's negligence claim fails as a
16  matter of law.  Given these facts, and Costco Membership's limited business
17  operations, the only conclusion to be drawn is that Costco Membership was added
18  as a non-diverse defendant to fraudulently defeat removal.

- **Plaintiff's Second Cause Of Action For Strict Products Liability Against Costco Membership Also Fails**

21      36.    The California Supreme Court explained:  "Strict liability has been
22  imposed for three types of product defects:  manufacturing defects, design defects,
23  and warning defects."  *O'Neil v. Crane Co.*, 53 Cal. 4th 335, 347 (2012).  The third
24  category of defects, referred to as warning defects, "describes products that are
25  dangerous because they lack adequate warnings or instructions."  *Id.*  A product is
26  defective in design "if the plaintiff establishes that the product failed to perform as
27  safely as an ordinary consumer would expect when used in an intended or
28  reasonably foreseeable manner" or "if the plaintiff demonstrates that the product's

design proximately caused his injury and the defendant fails to establish, in light of the relevant factors, that, on balance, the benefits of the challenged design outweigh the risk of danger inherent in such design." *Barker v. Lull Engineering Co.*, 20 Cal. 3d 413, 432 (1978).

37. The doctrine of strict liability may apply to retailers of defective products if the defendant is engaged in the business of selling such a product. *Vandermark v. Ford Motor Co.*, 61 Cal. 2d 256, 262-263 (1964); *LaRosa v. Superior Court*, 122 Cal. App. 3d 741, 754 (1981). But where the policies of "enhancing product safety, maximizing protection to the injured plaintiff, and apportioning costs among the defendants" will not be served, "the courts have refused to hold the defendant strictly liable even if that defendant could technically be viewed as a 'link in the chain' in getting the product to the consumer market. [Citation.] In other words, the facts must establish a sufficient causative relationship or connection between the defendant and the product so as to satisfy the policies underlying the strict liability doctrine." *Arriaga v. CitiCapital Commercial Corp.*, 167 Cal.App.4th 1527, 1535 (2008).

38. Plaintiff lacks any basis to assert strict liability claims against Costco Membership. Plaintiff cannot credibly claim that Costco Membership is strictly liable for designing or manufacturing the pressure cooker. Compl., ¶¶ 23-26; Johnston Decl., ¶ 3. Moreover, Plaintiff cannot credibly claim that Costco Membership owed a duty to warn regarding the pressure cooker because Plaintiff did not purchase the product from Costco Membership. Compl., ¶¶ 27-30; Johnston Decl., ¶¶ 4-5. Costco Membership is not even a link in the chain in getting the pressure cooker to market, but is a fraudulently joined defendant solely named to defeat federal diversity jurisdiction.

- **Plaintiff's Third Cause Of Action For Breach of Implied Warranty Against Costco Membership Also Fails**

39. Plaintiff has not properly alleged a cause of action for breach of implied warranty because Plaintiff lacks privity with Costco Membership, a necessary prerequisite for such a claim. *All W. Elecs., Inc. v. M-B-W, Inc.*, 64 Cal. App. 4th 717, 725 (Cal. Ct. App. 1998) ("Privity of contract is a prerequisite in California for recovery on a theory of breach of implied warranties of fitness and merchantability."); *see also, e.g.*, *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) ("Under California Commercial Code section 2314 . . . a plaintiff asserting breach of warranty claims must stand in vertical contractual privity with the defendant."); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1142 (N.D. Cal. 2010) ("Vertical privity is a necessary element of an implied warranty claim.").

40. Plaintiff's conclusory allegations that Costco Membership "impliedly warranted that the PRESSURE COOKER, which DEFENDANTS designed, manufactured, assembled, tested, inspected, promoted, distributed, and sold was merchantable, fit and safe for ordinary use" (Compl., ¶ 36) is insufficient.

41. As discussed above, Costco Membership does not have any operational connection with Costco's retail stores and did not sell the pressure cooker to Plaintiff. Johnston Decl., ¶¶ 2-5. Plaintiff has no basis to allege that Costco Membership promoted, distributed or sold the product. *Id.* Accordingly, Plaintiff cannot sustain a cause of action for implied warranty against Costco Membership.

### III. CONCLUSION

42. There is complete diversity amongst the properly joined parties, and this Notice of Removal is appropriate pursuant to 28 U.S.C. § 1441(b).

43. Based on the foregoing, the state court action may be removed to this Court in accordance with the provisions of 28 U.S.C. §§ 1332 and 1441 *et. seq.*

because: 1) this is a civil action pending within the jurisdiction of this Court; 2) as between the plaintiff and the properly joined defendants, this action arises from a conflict between citizens of different states; and 3) the amount in controversy exceeds $75,000, exclusive of interest and costs.

44. No admission of fact, law, or liability is intended by this Notice of Removal, and Defendants expressly reserve all defenses, counterclaims, and motions otherwise available to them.

WHEREFORE, Tristar hereby removes the above-captioned action from the Superior Court of the State of California, County of Santa Barbara, to the United States District Court for the Central District of California, Western Division.

Dated: August 29, 2017

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Pamela M. Ferguson*
Pamela M. Ferguson
Attorneys for Defendants
TRISTAR PRODUCTS, INC.
and COSTCO WHOLESALE CORPORATION