| | |
|---|---|
| Case No. CV-17-6406-MWF (MRWx) | Date: November 9, 2017 |
| Title: Wendy M. Soto v. Tristar Products, Inc., et al. | |

Present: The Honorable **MICHAEL W. FITZGERALD, U.S. District Judge**

Deputy Clerk:  
Rita Sanchez

Court Reporter:  
Not Reported

Attorneys Present for Plaintiff:  
None Present

Attorneys Present for Defendant:  
None Present

**Proceedings (In Chambers):** ORDER RE PLAINTIFF'S MOTION TO REMAND [12]

Before the Court is Plaintiff's Motion to Remand, filed on September 28, 2017. (Docket No. 12). On October 6, 2107, Defendants Tristar Products, Inc. ("Tristar"), Costco Wholesale Corporation ("Costco Wholesale"), and Costco Wholesale Membership, Inc. ("Costco Membership") (Costco Wholesale and Costco Membership, together the "Costco Defendants") filed an Opposition. (Docket No. 24). On October 16, 2017, Plaintiff filed a Reply. (Docket No. 27). The Court held a hearing on October 30, 2017.

For the reasons set forth below, Plaintiff's Motion is **GRANTED**. Defendants have not established that Costco Membership was fraudulently joined, "fraudulent" being used here in its technical jurisdictional sense. Specifically, it is not clear under settled California law that Costco Membership could not be jointly and severally liable for Plaintiff's alleged injuries in connection with Plaintiff's strict products liability claim. Absent unambiguous and controlling state law indicating that it could not, which Defendants have not presented, the Court must resolve all doubts in favor of remand.

## I. BACKGROUND

On July 21, 2017, Plaintiff filed a Complaint against Defendants in the Santa Barbara County Superior Court. (Complaint, Docket No. 1-1). The crux of Plaintiff's Complaint is that, on January 18, 2017, "Plaintiff was using a Tristar

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6406-MWF (MRWx)                    Date:  November 9, 2017
Title:     Wendy M. Soto v. Tristar Products, Inc., et al.

Power Pressure Cooker XL [the "Pressure Cooker"], which was purchased from the Costco [Defendants], when the Pressure Cooker malfunctioned and caused severe, permanent and disfiguring burns to Plaintiff's body." (*Id.* ¶ 8). Plaintiff asserted negligence, strict products liability, and breach of implied warranty claims against all Defendants. (*Id.* ¶¶ 9-38). Though the Complaint did not specify a dollar amount, Plaintiff alleged that she "sustained extensive economic and non-economic damages, physical injuries, past and future medical expenses, past and future and severe and ongoing emotional distress and pain and suffering, and other such damages, all in an amount to be proven at trial." (*Id.* ¶¶ 18, 32).

Plaintiff is a California resident. (*Id.* ¶ 1). Tristar is incorporated in Pennsylvania with its principal place of business in New Jersey. (*Id.* ¶ 2; Declaration of Pamela Ferguson ("Ferguson Decl.") (Docket No. 1-6) ¶ 2). Costco Wholesale is incorporated in Washington with its principal place of business in Washington. (Complaint ¶ 3; Ferguson Decl. ¶ 3). Costco Membership is incorporated in California. (Complaint ¶ 4; Notice of Removal ("NoR") (Docket No. 1) ¶ 26).

On August 29, 2017, Defendants removed the action to this Court. Defendants invoked this Court's diversity jurisdiction, arguing that "Costco Membership's presence in the case does not defeat diversity jurisdiction because it was fraudulently joined." (NoR ¶ 27). According to Defendants, Costco Membership "cannot be a properly joined defendant here, where Plaintiff alleges negligence, strict products liability, and warranty claims arising from her alleged purchase and use of the pressure cooker" because it "is in business to collect membership fees paid by individuals and entities who wish to be members of Costco Wholesale…" and "has no role in Costco [Wholesale's] purchases, sales, or business operations…" (*Id.* ¶ 31). The instant Motion followed.

In connection with its Opposition, Defendants submitted the Declaration of Zois Johnston ("Johnston Decl."), a claims manager employed by Costco Wholesale, which provides, in pertinent part:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6406-MWF (MRWx)                    Date:  November 9, 2017
Title:       Wendy M. Soto v. Tristar Products, Inc., et al.

- Costco Membership "is in business solely to collect membership fees paid by individuals and entities who wish to be members of Costco Wholesale…, which is in the business of operating warehouse-retail membership establishments throughout the United States…"

- "Costco Membership does not engage in purchases, sales, or operations conducted by Costco Wholesale…"

- "As a Costco Membership member, an individual gains access to Costco Wholesale locations, as well as optometrists, pharmacists, photography services, travel services, insurance services, and other services…  A Costco Membership member pays a fee to have access to all of the services Costco Membership provides.  Costco Membership's only financial benefit comes from its membership fees."

- "Costco Membership does not engage in any marketing activities for any products sold at Costco Wholesale…"

- Costco Membership did not design, manufacture, purchase, or sell the Pressure Cooker that allegedly injured Plaintiff, and does not have any contractual relationship with Tristar.

(Johnston Decl. ¶¶ 2, 3, 5-7, 9, 11).

In connection with her Reply, Plaintiff offered evidence showing that: (1) as of January 2016, when Plaintiff was allegedly injured, the Pressure Cooker was advertised in *The Costco Connection*, a "magazine for Costco Members" apparently published by Costco Membership; and (2) that the Pressure Cooker is available for sale on costco.com, a website registered to Costco Membership. (Reply at 9-10; Supplemental Declaration of Darrell Padgette ("Padgette Supp. Decl.") (Docket No. 28) ¶¶ 2, 3, Ex. 1, 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6406-MWF (MRWx)                    Date:  November 9, 2017
Title:     Wendy M. Soto v. Tristar Products, Inc., et al.

## II.  **DISCUSSION**

As all parties acknowledge, the threshold requirement for removal under 28 U.S.C. § 1441 is a "finding that the complaint . . . is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortgage Co.,* 340 F.3d 858, 861 (9th Cir. 2003). Federal question jurisdiction is not asserted and the jurisdictional amount is not in doubt. The issue, then, is whether Costco Membership defeats complete diversity, or whether the Court should disregard its presence on fraudulent joinder grounds.

"Because plaintiff's motion to remand challenges the basis of the court's subject matter jurisdiction, the court may consider extrinsic evidence." *Prime Healthcare Services – Shasta, LLC v. Sierra Pacific Industries*, No. 2:15-CV-2007-CMK, 2016 WL 740529, at *2 (E.D. Cal. Feb. 25, 2016) (citing *McCarthy v. U.S.*, 850 F.2d 558 (9th Cir. 1988)). While, in the context of a motion to remand due to lack of diversity jurisdiction, it is "well established that courts may pierce the pleadings … and examine evidence," it is "also well established that courts ought to construe facts in favor of the plaintiff where there is disputed evidence." *Reynolds v. The Boeing Company*, No. 2:15-2846-SVW-AS, 2015 WL 4573009, at *3 (C.D. Cal. Jul. 28, 2015) (internal quotation marks and citations omitted).

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks and citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6406-MWF (MRWx)                    Date:  November 9, 2017
Title:      Wendy M. Soto v. Tristar Products, Inc., et al.

### A. Fraudulent Joinder

An exception to the complete-diversity rule recognized by the Ninth Circuit "'is where a non-diverse defendant has been 'fraudulently joined.'" *Id.* (quoting *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001)).  The joinder is considered fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state . . . ." *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007)).  A removing defendant must "prove that individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *accord Reynolds*, 2015 WL 4573009, at *2 ("To prove fraudulent joinder, the removing defendant must show that *settled* law *obviously* precludes the liability against the nondiverse defendant.") (emphasis added).

Because defendants face a heavy burden in establishing that removal is appropriate, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (citing *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998)).  "If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendant[,] the court must remand." *Id.*; *see also Good*, 5 F. Supp. 2d at 807 ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). Given this standard, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6406-MWF (MRWx)                Date:  November 9, 2017
Title:     Wendy M. Soto v. Tristar Products, Inc., et al.

### B. Strict Products Liability

As both Plaintiff and Defendants recognize, under California law, the doctrine of strict products liability extends "to retailers because retailers 'are an integral part of the overall producing and marketing enterprise that should bear the cost of injuries resulting from defective products…'" *Ontiveros v. 24 Hour Fitness Corp.*, 169 Cal. App. 4th 424, 431, 86 Cal. Rptr. 3d 767 (2008) (quoting *Vandermark v. Ford Motor Co.* 61 Cal. 2d 256, 262, 37 Cal. Rptr. 896 (1964)). "*Vandermark* explained that holding retailers strictly liable would (1) enhance product safety since retailers are in a position to exert pressure on manufacturers; (2) increase the opportunity for an injured consumer to recover since the retailer may be the only entity 'reasonably available' to the consumer; and (3) ensure fair apportionment of risks since retailers may 'adjust the costs of such protection between them in the course of their continuing business relationship.'" *Id.* (quoting *Vandermark*, 61 Cal. 2d at 262-63).

Where these policy goals are served, California courts have applied the strict products liability doctrine not just to retailers, but "to others similarly involved in the vertical distribution of consumer goods, including lessors of personal property …, developers of mass-produced homes …, wholesale and retail distributors …, and licensors…" *Bay Summit Community Assn. v. Shell Oil Co.*, 51 Cal. App. 4th 762, 773, 59 Cal. Rptr. 2d 322 (1996) (citations omitted) (holding that defendant "involved in the marketing process, but outside the vertical distribution chain" may be strictly liable where there is "a sufficient causative relationship between the defendant and the product"). "Although these defendants were not necessarily involved in the manufacture or design of the final product, each was responsible for passing the product down the line to the consumer." *Id.*

As Defendants recognize in their briefing (Opp. at 7) and pointed out during the hearing, strict liability may also extend to a party that is outside of the "vertical distribution" chain so long as that party "plays an integral role in the producing and marketing enterprise of a defective product and profits from placing the product into the stream of commerce." *Arriaga v. CitiCapital Commercial Corp.*, 167 Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6406-MWF (MRWx)                    Date:  November 9, 2017
Title:     Wendy M. Soto v. Tristar Products, Inc., et al.

App. 4th 1527, 1535, 85 Cal. Rptr. 3d 143 (2008) (finance lessor not subject to strict products liability under "marketing enterprise" theory).  Under the broader "marketing enterprise" theory of liability, there must be "a sufficient causative relationship or connection between the defendant and the product so as to satisfy the policies underlying the strict liability doctrine." *Id.*  There is a sufficient causative relationship where: "(1) the defendant received a direct financial benefit from its activities and from the sale of the product; (2) the defendant's role was integral to the business enterprise such that defendant's conduct was a necessary factor in bringing the product to the initial consumer market; and (3) the defendant had control over, or a substantial ability to influence, the manufacturing or distribution process." *Id.* (quoting *Bay Summit*, 51 Cal. App. 4th at 778).

Defendants first argue that Costco Membership could not be subject to a strict products liability claim because that doctrine "is generally limited to those within the vertical distribution chain, i.e., manufacturers, distributors, and retailers" and "Costco Membership is not the manufacturer, distributor, nor retailer of the product." (Opp. at 5).  According to Defendants, Costco Membership is not in the business of selling the Pressure Cooker or any other products, but strictly in the business of selling memberships that people utilize to access Costco Wholesale stores and all of those stores' attendant products and services.  (*See* Johnston Decl. ¶¶ 2-7).  In connection with her Reply, Plaintiff has offered evidence that Costco Membership operates the costco.com website, through which the Pressure Cooker and other products are available for purchase.  But this factual dispute, which must be resolved in Plaintiff's favor at this stage, is largely irrelevant for present purposes because Defendants have cited no authority that clearly precludes Costco Membership's strict liability as a party "responsible for passing the product down the line to the consumer," *Bay Summit*, 51 Cal. App. 4th at 773, even if Costco Wholesale is the only one of the Costco Defendants that directly sold the Pressure Cooker to Plaintiff.

In Defendants' own telling, consumers such as Plaintiff pay fees to Costco Membership, in exchange for which they receive a membership to Costco Wholesale, and this membership is the exclusive means for gaining access to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6406-MWF (MRWx)                    Date:  November 9, 2017
Title:     Wendy M. Soto v. Tristar Products, Inc., et al.

Costco Wholesale stores and other services such as "optometrists, pharmacists, photography services, [and] travel assistance." (Opp. at 9; Johnston Decl. ¶ 3). While Ms. Johnston declared that "Costco Membership does not engage in any marketing activities for any products sold at Costco Wholesale Corporation," Plaintiff offered evidence suggesting that Costco Membership does advertise products in its magazine publication and on its website; again, a factual dispute that must be resolved in Plaintiff's favor at this juncture, and that will become more crystallized following discovery in Superior Court.

Defendants argue that Costco Membership could not be strictly liable as a party involved in bringing the Pressure Cooker to market because "Costco Membership's dominant purpose is to provide services, not to bring products to market…" (Opp. at 9). While California courts have declined to extend the strict products liability doctrine to companies that provide services through which a plaintiff is injured by another company's product, the cases Defendants cite are distinguishable here. For example, in *Ontiveros v. 24 Hour Fitness Corp.* and *Grebing v. 24 Hour Fitness Corp.*, the Court of Appeal held that a defendant-fitness club could not be strictly liable for injuries that its members sustained while using defective exercise equipment because the "dominant purpose" of the plaintiffs' membership agreements was for the defendant-club to provide fitness services, including things like personal training, aerobics and yoga classes, use of locker rooms, and access to various courts, pools, saunas and the like. *See Grebing v. 24 Hour Fitness Corp.*, 234 Cal. App. 4th 631, 640, 184 Cal. Rptr. 3d 155 (2015); *Ontiveros*, 169 Cal. App. 4th at 434-35. In *Ferrari v. Grand Canyon Dories*, the Court of Appeal held that the defendant river-rafting trip organizer could not be strictly liable for injuries the plaintiff sustained as a result of a defective raft because "[u]se of the raft … was merely an incident to th[e] service," which included "provid[ing] all the materials for the trip, instructions on rafting safety, and guides to perform the labor and conduct the activities." *Ferrari v. Grand Canyon Dories*, 32 Cal. App. 4th 248, 259, 38 Cal. Rptr. 2d 65 (1995).

Unlike a gym membership or a river-rafting trip, purchasing a membership from Costco Membership is a prerequisite to gaining access to Costco Wholesale

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6406-MWF (MRWx)                Date:  November 9, 2017
Title:    Wendy M. Soto v. Tristar Products, Inc., et al.

*stores*, which contain ***products*** that members are able to ***purchase***. While Costco locations may also offer services like optometry and pharmacies, it is not evident that such services predominate in the mix of products and services on offer. Anyone who has ever stepped foot in a Costco parking lot and viewed hordes of people wielding jumbo-sized shopping carts filled with jumbo-sized consumables could quite reasonably dispute the notion that the dominant purpose of a Costco membership is services and not products. In any event, in the context of a strict products liability claim under California law, the line between services and products is one better drawn in Superior Court.

Defendants cite no authority under *Vandermark* and its progeny that would obviously preclude strict products liability as to an entity, like Costco Membership, that: (1) is a similarly-named affiliate of the retailer that sold the offending product; (2) functions as the gatekeeper through which consumers must pass, by paying a membership fee, to access the retailer-affiliate; and (3) functions as a customer-communications arm of its retailer-affiliate, including by advertising products that the retailer-affiliate sells.

And it seems that Plaintiff would have non-frivolous arguments that the policy concerns identified in *Vandermark* may be served by applying the doctrine of strict products liability to Costco Membership as a participant in the vertical distribution chain: (1) Costco Membership, which has direct channels of communication with Costco Wholesale members and advertises various products to those members, would seemingly be in a position to exert some pressure on Tristar and other manufacturers of goods sold at Costco to make their products safer, either independently or in coordination with Costco Wholesale; (2) applying the doctrine to the consumer-facing, membership-fee-collecting affiliate of a members-only retailer, in addition to the retailer itself, would obviously afford an injured plaintiff more protection than not doing so; and (3) just as Costco Wholesale and Tristar would be in a position to apportion the costs of Plaintiff's injuries between one another, so too would Costco Wholesale, Costco Membership, and Tristar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6406-MWF (MRWx)                    Date:  November 9, 2017
Title:     Wendy M. Soto v. Tristar Products, Inc., et al.

Similarly, based on the present record, which must be construed in Plaintiff's favor, Plaintiff could make a non-frivolous argument that Costco Membership might be subject to strict liability under the broader "marketing enterprise" theory.  First, it could be argued that Costco Membership received a direct financial benefit from the sale of the Pressure Cooker.  While Defendants argue that Costco Membership makes money only through collecting membership fees, the reason people pay membership fees is to gain access to Costco Wholesale and the products (including the Pressure Cooker) that it sells.  Second, because Costco Membership functions as Costco Wholesale's gatekeeper and communicates with members on Costco Wholesale's behalf, it plays an integral role in bringing together the Pressure Cooker and the Costco members who purchase it.  And third, as discussed above, as the gatekeeper and member-communications arm of Costco Wholesale, Costco Membership seemingly would have the ability to exert pressure on Tristar to make its products safer, either on its own or in conjunction with Costco Wholesale.  *See Arriaga*, 167 Cal. App. 4th at 1535; *Bay Summit*, 51 Cal. App. 4th at 778.

Defendants argue that "[w]ithout Costco Membership the membership fees would not be collected but Costco [Wholesale] could still offer all of the same products, albeit likely at a higher price."  (Opp. at 9).  That may be, but it is not how the Costco Defendants actually conduct their business.  Given the Costco Defendants' seemingly unique business structure and the lack of on-point authority, it would be improper for this Court to presume that Plaintiff could not state a viable strict products liability claim against Costco Membership under California law, as either a participant in the vertical distribution chain or under the broader "marketing enterprise" theory.  That question is better left to the Superior Court and, perhaps, the state appellate courts.

In sum, Defendants have failed to demonstrate that there is no possibility that Plaintiff could state a viable strict products liability claim against Costco Membership, and the Court thus cannot conclude that Costco Membership was improperly joined.  Having reached this conclusion, the Court need not address the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6406-MWF (MRWx)                  Date:  November 9, 2017
Title:      Wendy M. Soto v. Tristar Products, Inc., et al.

viability of Plaintiff's negligence and implied warranty claims against Costco Membership.  Plaintiff's Motion is thus **GRANTED**, and the case will be remanded to Superior Court.

### C. Attorneys' Fees

Plaintiff also requests an award of attorneys' fees and costs incurred in connection with Defendants' removal and this Motion.  (Mot. at 12).  28 U.S.C. section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The Court may award attorneys' fees where "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Whether or not to award fees and costs under section 1447(c) is within the Court's discretion.  *See* 28 U.S.C. § 1447(c) ("order remanding the case ***may*** require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal") (emphasis added); *Dall v. Albertson's Inc.*, 349 F. App'x 158, 159 (9th Cir. 2009) ("Following remand of a case upon unsuccessful removal, the district court may, in its discretion, award attorney's fees . . . .").  Given that removal in this action was at least colorable, if not more, Plaintiff's request for costs and attorneys' fees is **DENIED**.

### III.   CONCLUSION

For the foregoing reasons, the Motion to Remand is **GRANTED**.

The Court **REMANDS** the action to the Superior Court of the State of California for the County of Santa Barbara.

IT IS SO ORDERED.